UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| TARZAREO JONES | NO. 17-00042-BAJ-RLB |

### RULING AND ORDER

Before the Court is Petitioner's **Motion to Receive Credit for Time Served (Doc. 39)**. Petitioner asserts that "he was arrested on 4/20/17 by the US Marshal and he remain[ed] in custody until 10/19/17 with special condition [sic] set forth by the Magistrate Judge Richard L. Bourgeois Jr. . . [and] that he isn't being rewarded for the time spent in custody." (Doc. 39, at ¶¶1-2).

Petitioners motion is denied for the following two reasons. First, in Petitioner's case, Petitioner was never actually in custody. The Government did not move for detention in his case, and he was released with conditions. (Doc. 8, p. 1). While 18 U.S.C.A. § 3585(b) provides that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in <u>official detention</u> prior to the date the sentence," the United States Supreme Court has long held that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions. . . is 'released'." *Reno v. Koray*, 515 U.S. 50, 58 (1995). The likely reason the Bureau of Prisons ("BOP") has not granted Petitioner the credit he asserts he is due is because Petitioner was

released, albeit with conditions which restricted his liberty, during the time he alleges he was in custody.

Second, Petitioner's motion is denied as the sentencing court lacks the authority to grant the relief Petitioner seeks. *See In re United States Bureau of Prisons, Department of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("[T]he district court lacks the authority to award or deny credit, [thus] BOP is not bound by its decision.) Regardless of the merit of Petitioner's claims, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). If Petitioner is to obtain the relief he seeks, he must first pursue it through the appropriate administrative channels. *See id.* at 335 ("[T]he BOP [maintains] detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations . . . afford[] prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations *after* exhausting their administrative remedies." (emphasis added; citations omitted)).

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION (Doc. 39)** is **DENIED.**

Baton Rouge, Louisiana, this 19th day of February, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**